# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED FUNDING, INC. and MICHAEL FEHRENBACHER,

       Plaintiffs,

-vs-            Case No. 6:09-cv-1839-Orl-28GJK

JOHN BOSCHERT, JENIFER HOFFMAN, BRYAN ZUZGA, ASSURED CAPITAL CONSULTANTS, LLC, DAH MANAGEMENT INC. and DONALD HOFFMAN, JR.

       Defendants,
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR FINAL JUDGMENT AFTER DEFAULT AGAINST JOHN BOSCHERT (Doc. No. 74)** |
| **FILED:** | August 22, 2011 |
| | _____ |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

### I. BACKGROUND

On December 11, 2009, Plaintiffs, United Funding, Inc., and Michael Fehrenbacher, filed an Amended Complaint against Defendants, John Boschert, Jenifer Hoffman, Bryan Zuzga, Assured Capital Consultants, LLC, DAH Management, Inc., and Donald Hoffman, Jr. Doc. No. 14. Plaintiffs allege that Defendants created a complex investment scheme to defraud Plaintiffs

of money. Doc. No. 14 at 3, ¶ 12. Plaintiffs allege that Defendants approached Plaintiffs with an investment opportunity that was secure because the funds would be held in an attorney's escrow account and would give "extremely high returns." Doc. No. 14 at 3-4, ¶ 16, 18.

Plaintiffs allege that Defendants represented they would receive a forty-five percent (45%) return per week if they invested $2,000,000. Doc. No. 14 at 3, ¶ 17. Plaintiffs allege they invested $2,000,000 and signed a joint venture agreement that memorialized Defendants' representations and promises relating to the investment. Doc. No. 14 at 4-5, ¶¶ 26-27. Subsequently, Plaintiffs allege they agreed to roll over this initial investment and make an additional $4,800,000 investment that was memorialized in a second joint venture agreement. Doc. No. 14 at 30-33. Plaintiffs allege they subsequently demanded return of their monies after becoming suspicious that the investments offered by Defendants were not "bona-fide." Doc. No. 14 at 6, ¶ 35. Plaintiffs also allege they demanded information regarding the status of their investments, but Defendants delayed and provided no information to "hide the fact that the program had no value and that there was nothing to show for the investment." Doc. No. 14 at 6, ¶ 37.

Plaintiffs filed suit, under diversity jurisdiction, asserting causes of action for conspiracy to defraud, selling an unregistered security in violation of section 517.07, Florida Statutes, violation of the Florida Unfair and Deceptive Trade Practices Act (hereafter "FDUTPA") and a violation of the Florida Uniform Fraudulent Transfer Act. Doc. No. 14 at 6-12. On January 15, 2010, Plaintiffs obtained a clerk's default against John Boschert (hereafter "Boschert"). Doc. No. 28. Plaintiffs moved for a default final judgment against Boschert (hereafter "Motion") after settling with the remaining Defendants. Doc. No. 74. Attached to the Motion is an affidavit

from Michael Fehrenbacher (hereafter "Fehrenbacher") averring that "Plaintiffs delivered a total of $4,800.000 [sic] Dollars to the Defendants. The Plaintiffs recouped $2,950,000.00 Dollars from the Defendants such that the Plaintiffs have been deprived of $1,850,000.00 Dollars in principal plus interest." Doc. No. 74-1.

## II. ANALYSIS

The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Constr. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987) (*citing Nishimatsu*, 515 F.2d at 1206). "As a general rule, the court may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits." *Directv, Inc. v. Huynh*, 318 F. Supp.2d 1122, 1129 (M.D. Ala. 2004) (*citing Directv, Inc. v. Griffin*, 290 F. Supp.2d 1340, 1343 (M.D. Fla. 2003)).

### a. Conspiracy to Defraud

To state a claim for civil conspiracy under Florida law, it is necessary to allege that two or more persons entered into an agreement; to act unlawfully or perform a lawful act by unlawful means; an overt act in furtherance of the conspiracy; and damages. *Charles v. Fla. Foreclosure Placement Ctr., LLC*, 988 So. 2d 1157, 1159-60 (Fla. 3d DCA 2008).

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

In addition to the general allegations set forth above, Plaintiffs allege that "Defendants acted jointly and in concert to make various representations . . . in an effort to cause the plaintiffs to invest monies in their investment scheme." Doc. No. 14 at 7, ¶ 44. Plaintiffs allege that Defendants knowingly made these false representations to induce Plaintiffs to invest in their scheme and, as a result, Plaintiffs invested and suffered damages. Doc. No. 14 at 7, ¶¶ 45-49. These allegations establish a sufficient basis to enter judgment against Boschert for civil conspiracy to defraud. *See id.*

### b. Violation of Section 517.07, Florida Statutes – Selling an Unregistered Security

Section 517.07(1), Florida Statutes, states that it is unlawful to sell or offer to sell a security unless it is registered, is a federal covered security or is exempt under sections 517.051 and 517.061. A buyer is entitled to rescind a sale of a security that violates section 517.07(1). § 517.211(1), Fla. Stat. A security, as relevant to this case, is defined as an investment contract. § 517.021(21)(q).

In addition to the general allegations set forth above, Plaintiffs allege that the investment program referenced in the joint venture agreements are securities as that term is defined in section 517.07. Doc. No. 14 at 8, ¶ 53. Plaintiffs allege the securities were not registered and they are entitled to rescission. Doc. No. 14 at 8, ¶¶ 54, 56. The documents making up the joint venture agreements, attached to the Complaint, indicate that Plaintiffs deposited monies with the understanding that Defendants would invest the monies into a "confidential Trade Platform" being maintained by Defendants. Doc. No. 14-2 at 11. In return for Defendants' investment services, Plaintiffs agreed to pay Defendants "by way of revenue sharing any/all revenue or trade yields generated" from the investment that exceeded forty-five percent per week. Doc. No. 14-2

at 11.

The allegations and terms of the joint venture agreements establish that Defendants sold Plaintiffs a security in the form of an investment contract and said security was unregistered. *See S.E.C. v. W.J. Howey Co.*, 328 U.S. 293, 298-99 (1946) (defining an investment contract as a "contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of a promoter or third party . . . ."); *Rudd v. State*, 386 So. 2d 1216, 1218 (Fla. 5th DCA 1980) (noting that Florida follows the test set forth in *Howey* to determine whether a transaction is an investment contract under section 517.021). Therefore, the allegations establish a sufficient basis to enter judgment against Boschert for selling an unregistered security, in violation of section 517.07.

### c. FDUTPA

To state a claim for a violation of FDUTPA, Plaintiffs must allege a deceptive act or unfair practice, causation, and actual damages. *See Third Party Verification, Inc. v. Signaturelink, Inc.*, 492 F. Supp. 2d 1314, 1326 (M.D. Fla. 2007). A deceptive act is one that is likely to mislead consumers and an unfair practice is "one that offends established public policy and that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Id.* Plaintiffs' allegations that Defendants accepted their money, promised high returns, but "Defendants delayed furnishing information . . . to hide the fact that the program had no value and that there was nothing to show for the investment" (Doc. No. 14 at 6, ¶ 37), establish a sufficient basis to enter judgment against Boschert for violating FDUTPA.

### d. Prejudgment and Postjudgment Interest

In the affidavit supporting the Motion, Fehrenbacher avers that Plaintiffs have been deprived of $1,850,000 "plus interest." Doc. No. 74-1 at 1. In the Motion, Plaintiffs do not specifically address or quantify prejudgment interest. Because the basis of this Court's jurisdiction is predicated on diversity (*see* Doc. No. 14 at 2, ¶ 9), Florida law governs the issue of prejudgment interest. *See SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007). Under Florida law, a plaintiff is entitled to prejudgment interest from the date of the loss as a matter of law once a judgment is entered that liquidates the plaintiff's damages. *See Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985).

Plaintiffs allege they executed two joint venture agreements with Defendants. The first joint venture agreement was signed on June 4, 2009, and Plaintiffs deposited $2,000,000. Doc. No. 14-2 at 7. The second joint venture agreement was signed on July 1, 2009, and reflects that Plaintiffs deposited a total of $6,903,750. Doc. No. 14-2 at 11. In the Amended Complaint, Plaintiffs allege they rolled over their $2,000,000 investment from the first joint venture agreement with an additional $4,800,000 when they signed the second joint venture agreement. Doc. No. 14 at 30-33. In light of Fehrenbacher averring that Plaintiffs only delivered $4,800,000 to Defendants and that Plaintiffs have recovered $2,950,000 (*see* Doc. No. 74-1), the Court concludes that Plaintiffs' date of loss is July 1, 2009, the date the second joint venture agreement was signed.

The second joint venture agreement does not provide a rate of prejudgment interest to be paid on the monies Plaintiffs deposited with Defendants. Consequently, the statutory interest rate in section 55.03, Florida Statutes, governs. *See* § 681.01, Fla. Stat. (2011) (indicating that in

"all cases where interest shall accrue without a special contract for the rate thereof," the rate to be used is that set forth in section 55.03, Florida Statutes); *Lyons v. Wyman*, 658 So. 2d 1104, 1105 (Fla. 4th DCA 1995) (indicating the statutory rate of interest applied where contract did not provide the amount of interest to be paid on a loan). Section 55.03(1), Florida Statutes (2011), was recently amended to require the Chief Financial Officer to set the prejudgment interest rate every quarter. Previously, the Chief Financial Officer set the prejudgment interest rate once per year. *See* § 55.03(1), Fla. Stat. (2010). Since July 1, 2009, the Chief Financial Officer has set prejudgment interest rates as 8% for 2009, 6% for 2010, 6% from January 1, 2011, to September 30, 2011, and 4.75% for the quarter beginning on October 1, 2011.[2] Plaintiffs are entitled to receive these varying statutory interest rates as prejudgment interest on their $1,850,000. *See Lyons*, 658 So. 2d at 1105).

Plaintiffs are also entitled to postjudgment interest from the date the judgment is entered, pursuant to 28 U.S.C. § 1961. *G.M. Brod & Co., Inc. v. U.S. Home Corp.*, 759 F.2d 1526, 1542 (11th Cir. 1985) (postjudgment interest in a diversity case is governed by federal law). The postjudgment interest rate is calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a) (internal footnote omitted).

### III. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that:

1. The Motion be **GRANTED**;

---

[2] Florida Department of Financial Services, http://www.myfloridacfo.com/aadir/interest.htm (last visited Nov. 10, 2011).

2. Final judgment be entered in favor of Plaintiffs against John Boschert for $1,850,000 on Plaintiffs' claims of conspiracy to defraud, selling an unregistered security and FDUTPA; and

3. Award prejudgment interest from July 1, 2009, and award postjudgment interest.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on November 14, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Court Judge
Counsel of Record
Unrepresented Parties **via Certified Mail**